EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
ALEXANDER M. CHEMERS, CA Bar No. 263726
zander.chemers@ogletree.com
MELIS ATALAY, CA Bar No. 301373
melis.atalay@ogletree.com
OMAR M. ANIFF, CA Bar No. 315446
omar.aniff@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:   213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.
(erroneously sued as "FedEx Ground Packaging System")

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| DEUEL BARREN, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGING SYSTEM; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 37-2023-00051843-CU-OE-CTL<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFF DEUEL BARREN'S COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Gregory W. Pollack, Dept. C71]<br><br>Action Filed:   November 30, 2023<br>Trial Date:   None |

TO PLAINTIFF DEUEL BARREN AND HIS ATTORNEYS OF RECORD:

Defendant FedEx Ground Package System, Inc. (erroneously sued as "FedEx Ground Packaging System") ("Defendant"), hereby answers the Complaint (hereinafter "Complaint") brought by plaintiff Deuel Barren ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in Plaintiff's Complaint. Defendant further denies that Plaintiff has actionable claims, that Plaintiff's claims may be properly adjudicated as a class action or representative action, and that Plaintiff and those he seeks to represent are entitled to any relief, whatsoever.

### DEFENSES

Without waiving any of the foregoing, and without admitting that Defendant carries the burden of proof as to any of the issues raised thereby, Defendant asserts the following defenses to Plaintiff's Complaint.

### FIRST DEFENSE
**(Failure to State a Cause of Action)**

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

### SECOND DEFENSE
**(Statutes of Limitations)**

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff, members of the putative class, and/or allegedly aggrieved employees are barred, in whole or in part, by one or more of the applicable statutes of limitations, including, without limitations, Cal. Code Civ. Proc. §§ 337, 338, 339, 340, Cal. Labor Code §§ 203, 2698 *et* seq, and Cal. Bus. & Prof. Code § 17208.

### THIRD DEFENSE

### (Estoppel)

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by and/or on behalf of Plaintiff, members of the putative class, and/or allegedly aggrieved employees are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH DEFENSE

### (Laches)

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by and/or on behalf of Plaintiff, members of the putative class, and/or allegedly aggrieved employees are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

### (Res Judicata and Collateral Estoppel)

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by *res judicata* and/or collateral estoppel.

### SIXTH DEFENSE

### (Unclean Hands)

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by and/or on behalf of Plaintiff, members of the putative class, and/or allegedly aggrieved employees are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

### SEVENTH DEFENSE

### (Waiver)

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by and/or on behalf of Plaintiff, members of the putative class, and/or allegedly aggrieved employees are barred, in whole or in part, because such claims have

been waived, discharged, and/or abandoned.

### EIGHTH DEFENSE

### (Releases)

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by and/or on behalf of Plaintiff, members of the putative class, and/or allegedly aggrieved employees are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as putative class members and/or allegedly aggrieved employees may have resolved and released some or all of the claims against Defendant that are being asserted in Plaintiff's Complaint and are barred from prosecuting this action.

### NINTH DEFENSE

### (Failure to Mitigate)

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff, members of the putative class, and/or allegedly aggrieved employees are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

### TENTH DEFENSE

### (Setoff, Offset, and/or Recoupment)

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that, if any damages have been sustained by Plaintiff, members of the putative class, and/or allegedly aggrieved employees, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff, members of the putative class, and/or allegedly aggrieved employees owed to Defendant against any judgment that may be entered against Defendant.

### ELEVENTH DEFENSE

### (No Willful Failure to Pay)

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff, members of the putative class, and/or allegedly aggrieved employees

are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

**TWELFTH DEFENSE**

**(Good Faith Dispute That Wages Are Due)**

As a separate defense to Plaintiff's claims for violation of California Labor Code §§ 201 and 202, Defendant alleges that Plaintiff, members of the putative class, and/or allegedly aggrieved employees are not entitled to any penalties under California Labor Code § 203 because, at all relevant times, there has been a good-faith dispute that any wages are or have been due, thereby precluding the imposition of any penalties against Defendant.

**THIRTEENTH DEFENSE**

**(Adequate Remedy at Law)**

As a separate defense to Plaintiff's claim for violation of California Business and Professions Code § 17200 *et seq.*, Defendant alleges that the claims of Plaintiff and putative members of the purported class action are barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at law.

**FOURTEENTH DEFENSE**

**(Avoidable Consequences)**

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by and/or on behalf of Plaintiff, members of the putative class, and/or allegedly aggrieved employees are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that they unreasonably failed to make use of Defendant's practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

**FIFTEENTH DEFENSE**

**(Lack of Standing)**

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein by

Plaintiff on behalf of putative members of the purported class and/or allegedly aggrieved employees Defendant alleges that Plaintiff lacks standing and cannot represent the interests of the other alleged class members and/or allegedly aggrieved employees as to some or all of them.

### SIXTEENTH DEFENSE

**(Constitutional Defense to Penalties)**

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff, members of the putative class, and/or allegedly aggrieved employees are not entitled to recover any penalties under California or federal law, and any award of penalties would in general or in fact violate Defendant's rights under the United States and California constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as the due process, excessive fines, and cruel and unusual punishment clauses in the California Constitution.

### SEVENTEENTH DEFENSE

**(Due Process / Class Certification)**

As a separate defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that certification of a class action would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

### EIGHTEENTH DEFENSE

**(Failure to Satisfy Class Action Requirements)**

As a separate defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff has failed to, and cannot, satisfy the requirements for maintenance of a class action, including, but not limited to, the required elements of ascertainability, commonality, typicality, adequacy, predominance, and superiority.

### NINETEENTH DEFENSE

### (Preemption / Void Laws)

As a separate defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff's purported causes of action set forth in the Complaint are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, and/or unenforceable.

### TWENTIETH DEFENSE

### (*De Minimis*)

As a separate defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff's Complaint is, or may be, barred because any alleged violations were *de minimis*, and but for the alleged *de minimis* violation, Defendant complied with its obligations under relevant law.

### TWENTY-FIRST DEFENSE

### (Prior Actions Subsume Plaintiff's Complaint)

FedEx Ground alleges that the Action should be stayed or dismissed to the extent that already-pending actions subsume claims made in Plaintiff's Complaint, in whole or in part.

### TWENTY-SECOND DEFENSE

### (No Actual or Imputed Knowledge of Time Worked)

As a separate defense to Plaintiff's Complaint and to each purported cause of action therein, the claims of Plaintiff, members of the putative class, and/or allegedly aggrieved employees are barred, in whole or in part, by their failure to properly report or document their hours worked, and because their employer had no actual or imputed knowledge of time worked.

### TWENTY-THIRD DEFENSE

### (No Causation)

As a separate defense to Plaintiff's Complaint and to each purported cause of action therein, the damages, if any, of Plaintiff, members of the putative class, and/or allegedly aggrieved employees were caused by persons or entities other than FedEx Ground.

## TWENTY-FOURTH DEFENSE

### (Failure to Exhaust)

The Complaint is barred, or any damages reduced, by Plaintiff's failure to exhaust his administrative remedies as required and/or his failure to comply with all of the statutory prerequisites to bringing suit pursuant to Private Attorneys General Act of 2004 ("PAGA") including, but not limited to, satisfying the requirements of Cal. Labor Code § 2699.3.

## TWENTY-FIFTH DEFENSE

### (PAGA Action Not Manageable)

FedEx Ground alleges that Plaintiff's'claim for penalties pursuant to the Private Attorneys General Act of 2004 cannot proceed on a representative basis because of difficulties likely to be encountered that render the action unmanageable

## RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery, when and if the same have been ascertained.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That the Court deny any request(s) by Plaintiff and/or putative members of the purported class to certify this action as a class action;

2. That Plaintiff, members of the putative class, and allegedly aggrieved employees take nothing by the Complaint;

3. That Plaintiff's Complaint herein be dismissed in its entirety, with prejudice;

4. That judgment be entered against Plaintiff's and in favor of Defendant on all causes of action asserted in the Complaint;

5. That the Court deem Plaintiff's representative PAGA claim unmanageable

6. That Defendant be awarded its attorneys' fees incurred herein;

7. That Defendant be awarded its costs of suit herein; and

///

8. For such other and further relief as the Court deems just and proper.

DATED: January 5, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Evan R. Moses
Alexander M. Chemers
Melis Atalay
Omar M. Aniff

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.
(erroneously sued as "FedEx Ground Packaging System")

**PROOF OF SERVICE**
*Deuel Barren v. Fedex Ground Packaging System, et al.*
Case No. 37-2023-00051843-CU-OE-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

On January 5, 2024, I served the following document(s):

**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFF DEUEL BARREN'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Los Angeles, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

    ☐ the written confirmation of counsel in this action:

    ☐ **[State Court motion, opposition or reply only]** Code of Civil Procedure section 1005(b):

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

1  Joshua H. Haffner, Esq.　　　　　　　　　　Attorneys for Plaintiff
   Trevor Weinberg, Esq.　　　　　　　　　　　Deuel Barren, an individual; on behalf of
2  HAFFNER LAW PC　　　　　　　　　　　　himself and all others similarly situated
   15260 Ventura Boulevard, Suite 1520
3  Sherman Oaks, California  91403
   Telephone:    (213) 514-5681
4  Facsimile:     (213) 514-5682
   Email:         jhh@haffnerlawyers.com
5　　　　　　　　tw@haffnerlawyers.com

6  ☒    (State)    I declare under penalty of perjury under the laws of the State of California that
                   the above is true and correct.
7
         Executed on January 5, 2024, at South Pasadena, California.
8
   Vanessa Gutierrez                                    *[signature]*
9  ─────────────────────────                           ─────────────────────────
   Type or Print Name                                   Signature

11

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S
ANSWER TO PLAINTIFF DEUEL BARREN'S COMPLAINT

EXHIBIT B
PAGE 50